Plaintiff below shipped three cars of grapefruit destined for ultimate delivery to a purchaser in Chicago. The shipment, made via the line of defendant below as initial carrier, was made "shipper's order, notify." The shipper drew drafts on the purchaser in Chicago for the agreed price of the fruit, which drafts aggregated $1,593.00, and attached thereto the original bills of lading covering the shipments. Under the terms of the contract of transportation, the shipments were to be delivered to the Chicago purchaser only on production of the original bills of lading, which could be secured by the purchaser only upon payment of the drafts to which the bills of lading were attached. The terminal carrier delivered the shipments without the production of the original bills of lading, and the drafts representing the purchase price were not paid. This action is to recover plaintiff's damages for that breach of duty on the part of the transportation company. Verdict and judgment were *Page 431 
for plaintiff in amount of $5,360.85, representing, apparently, the market value of the goods at destination, with interest to date of verdict.
Defendant's liability and plaintiff's recovery are governed by the provisions of the Cummins Amendment, Act of March 4, 1915, Chap. 176, 38 Stats. at Large 1196, as amended by the second Cummins Amendment, Act of August 9, 1916, Chap. 301, 39 Stat. at Large 441; Comp. State. Sec. 8592; Fed. Stat. Anno., Sup. Ct. R. 1918, p. 387, but no question of a released valuation under the latter amendment is involved here. Defendant being liable for the conversion complained of (see A. C. L. R. R. Co. v. Roe, 109 So. R. 205), the plaintiff is entitled to recover, under the controlling Federal Statutes just mentioned, his "full, actual loss," that is, what he would have had if the contract of transportation had been performed. Chicago M. St. P. Ry. v. McCaull-Dinsmore Co., 253 U.S. 97, 64 L. ed. 801.
It should be noted that the Federal Statutes do not provide for the recovery of full, actual "value," but full, actual "loss." Such loss may be and usually is, the market value at destination, but not necessarily so. The basic thought underlying the Federal Statutes which define the liability and prescribe the measure of damages in cases of this kind is that the owner shall be made whole by receiving the proper money equivalent for what he has actually lost, or in other words, to restore him to the position he would have occupied had the carrier performed its contract. This plaintiff can secure no more by this action, the true scope and effect of which, regardless of its technical denomination, is no more than an action for damages for a breach of contract. See G. F. A. Ry. Co. v. Blish Milling Co., 241 U.S. 190, 60 L. ed. 948. The plaintiff, in this action, does not recover generally as for an ordinary conversion, *Page 432 
for which, under the common law rule, the measure of damages would be the market value at destination, but he recovers for breach of the contract of transportation under controlling Federal Statutes which define the measure of damages as plaintiff's "full, actual loss."
Now what is the plaintiff's actual loss by reason of the carrier's wrongful delivery; and by the recovery of what sum is he made whole under the facts of this case. The plaintiff was not deprived of, nor has he actually lost, the market value of the fruit, because in the circumstances of this case the plaintiff had contracted to sell the goods to a purchaser in Chicago at the stipulated price of $1,593.00; the goods had been transported there for delivery to the purchaser upon payment to the plaintiff of that price; and at the time of the wrongful delivery complained of the goods were held by the carrier at destination subject to the original delivery directions authorizing delivery upon presentation of original bills of lading. Had the carrier observed the existing and unaltered delivery directions, and required the presentation of the bills of lading by the purchaser, plaintiff would have received, not the market value of the goods, but $1,593.00. The goods were actually delivered to the purchaser, but due to the carrier's breach of contract the plaintiff did not receive the agreed price upon the payment of which and production of the bills of lading the carrier was authorized, under existing directions from plaintiff, to deliver the goods to the person who actually received them. What the plaintiff has actually lost therefore by reason of the carrier's default is, not the market value of the goods, but the amount he would have received from the purchaser if the carrier had performed its contract. Of the latter amount, and nothing else, has the plaintiff been deprived by the transportation company, and under the particular circumstances of this case he is made whole by receiving that amount, with *Page 433 
interest. The contract of transportation is, of course, not affected by the terms of the contract for the sale of the goods between the plaintiff and his purchaser, but under the rule of "full, actual loss" fixed by the statutes, the value of the goods to the plaintiff at destination as fixed by his existing contract of sale with the purchaser, upon the payment of which the carrier could have properly delivered the goods under the delivery directions existing at the time of the wrongful conversion, determines the plaintiff's actual loss under the circumstances of this case, and is therefore of controlling force in determining the amount recoverable from the carrier.
The plaintiff was not compelled by the default of the carrier to secure equivalent goods in the open market in order to complete his contract with his purchaser. If he had been, the amount of recovery might be otherwise. The purchaser has received the goods, but due to defendant's wrong the shipper has not received the stipulated price which he would have received had the carrier performed its duty. Under those circumstances, he is entitled to recover that purchase price, but no more. If the circumstances were such that plaintiff's "actual loss" was the market value of the goods at destination, and not merely a loss of the agreed and stipulated purchase price of the goods, the former value would constitute the proper amount of recovery.
The rule as to the measure of damages for wrongful delivery of interstate shipments is very plainly stated in Chicago, M. St. P. Ry. Co. v. McCauls-Dinsmore Co., also in G. F. A. Ry. v. Blish Milling Co., supra, and in Leominster Fuel Co. v. N Y, N.H. Hartford R. R. Co., 154, N.E. R. 831, 50 A. L. R. 1464. Under the facts in those cases, the plaintiff's "actual loss" was properly measurable by the market value of the goods at destination. But the facts in those cases bearing upon the question of *Page 434 
the amount of recovery, that is, the amount which will compensate the plaintiff for his actual loss, distinguish those cases from the case at bar. Those cases were suits by consignees from whom goods had been wrongfully withheld at destination, their only recourse being to secure like goods in the open market at destination to replace those wrongfully delivered or lost. Therefore, the "actual loss" of the consignee plaintiffs in those cases was the market value of the goods. In those cases there was no contract value which measured the actual loss to the owner upon wrongful delivery of the goods. Had the carrier in this case performed its contract and carried out existing delivery directions, for the breach of which duty the plaintiff recovers his "actual loss" in this form of action, plaintiff would have received the contract sale price from the purchaser, not the market value of the goods at destination. Had the plaintiff received the amount of the drafts at the time of the wrongful delivery he would have suffered no loss under the circumstances. Having lost the amount of the drafts by a wrongful delivery, that amount is plaintiff's actual loss under the circumstances. It might place the matter in a different light, as between the plaintiff and defendant, had plaintiff prior to delivery altered his delivery directions to the carrier so as to make his "actual loss" on wrongful delivery measurable by the market value at destination, but that was not done. Plaintiff's actualloss is therefore not affected by the mere fact that title to the goods remained in him at the point of destination.
The plaintiff is clearly entitled to recover. The amount of his recoverable damages is mathematically ascertainable from the record as $1,593.00, plus interest at 8 percent upon the sums representing the sale price of the several cars from the date of the wrongful delivery thereof to the date of verdict. If plaintiff, within thirty days, shall enter *Page 435 
a remittitur for all above that sum, the judgment shall stand affirmed for the remainder ($1,593.00 and interest), otherwise it shall stand reversed.
Affirmed upon remittitur.
ELLIS, C. J., AND WHITFIELD, TERRELL AND BUFORD, J. J., concur.