Opinion
PHILLIPS, J.
This is an appeal from a municipal court judgment rendered in favor of Wilson Furniture, Inc. (Wilson’s), against Southern Pacific Transportation Company (Southern Pacific).
Southern Pacific appeals the municipal court’s decision to allow damages to Wilson’s based on retail value. Southern Pacific contends that the damages to which it is liable should be based on wholesale value.
The facts in the case are undisputed. In the first cause of action, Wilson’s sold a table to a customer who paid cash for it for the retail price of $101.90. The table was then ordered from a firm in Virginia for $41.95. Sometime during shipment by Southern Pacific the table was damaged and rendered worthless. Wilson’s then took a similar table from its warehouse stock and delivered it to the same customer who accepted it for the same price previously paid to Wilson’s. Thereafter, Wilson’s filed a claim for $101.90 against Southern Pacific.
The second cause of action arose when a table and chair were sold to another customer for $146.50. The customer agreed to pay Wilson’s for the furniture on delivery. Wilson’s then purchased these articles for the wholesale price of $68.25. The table and chair were then damaged during *Supp. 3 shipment. Thereafter, Wilson’s purchased an identical table and chair for the same wholesale price and delivered them to the customer who accepted and paid the previously agreed price of $146.50. Wilson’s then sued Southern Pacific for the $146.50.
Therefore, the question presented referable to damages allowable is whether Southern Pacific is required, to pay $248.40 which is the retail price of the damaged furniture or $110.20 which is the wholesale price of the damaged furniture.
From title 49, United States Code Annotated section 20(11), known as the Carmack Amendment to the Interstate Commerce Act, we see that federal law governs the liability of carriers for damages to goods in interstate shipments. Since the furniture was shipped by Southern Pacific through interstate commerce the Carmack Amendment would be applicable in this case.
The measure of damages set out in the amendment makes a carrier liable “for the full actual loss, damage or injury to such property caused by it. . . .”
In determining what is meant by the words, “full, actual loss,” the Florida case of Atlantic Coast Line Ry. Co. v. Roe (1928) 96 Fla. 429 [118 So. 155], stated, “The basic thought underlying the federal statutes which define the liability and prescribe the measure of damages in cases of this kind is that the owner shall be made whole by receiving the proper money equivalent for what he has actually lost, or, in other words, to restore him to the position he would have occupied, had the carrier performed its contract.”
Here, Wilson’s would be made whole by receiving $41.95 for the damaged table and $68.25 for the damaged table and chair. By paying this amount Wilson’s will be restored to the position it would have occupied had Southern Pacific performed the contract properly.
Where the consignee, here Wilson’s, can replace the property lost or damaged at the wholesale market, the wholesale price is taken as the basis for the damages. Illinois Central Railroad Company v. Zucchero (8th Cir.1955) 221 F.2d 934; Barry v. Los Angeles & S. L. R. Co. (1920) 56 Utah 69 [189 P. 70]; Illinois Central R. R. Co. v. Crail (1930) 281 U.S. 57 [74 L.Ed. 699, 50 S.Ct. 180, 67 A.L.R. 1423],
The strongest case in this area is Meletio Sea Food Co. v. Gordons Transports (Mo.App. 1946) 191 S.W.2d 983. Meletio is very similar to the facts here.
*Supp. 4 There, the court stated at page 986 of 191 S.W.2d, “The important factor in the case is the fact that plaintiff, upon the happening of the loss, replaced the damaged merchandise at the identical invoice price to its customer . . . , and at the identical cost price to itself. Consequently, having sustained no ultimate loss on the transaction with its customer, its actual loss was obviously the cost of replacing the damaged merchandise, ... In delivering the substituted shipment to its customer in New Orleans at the original invoice price, it still gained its contemplated profit on the transaction, whereas to require defendant to pay the claim upon the basis of the invoice price to the customér would result in giving plaintiff a double profit on the single transaction, that is, a profit on the damaged shipment as well as a profit on the substituted shipment.”
Here, Wilson’s replaced the damaged merchandise at the same price to its customer and at the identical cost price to itself. Therefore, the only loss sustained by Wilson’s was the cost of replacing the damaged furniture.
Based on the foregoing, it is therefore our opinion that the measure of damages in this case should be the wholesale price of the damaged furni- . ture. The full actual loss sustained by Wilson’s was $41.95 for the table sold to Mrs. Brill and $68.25 for the table and chair sold to Mr. Heckenberg. The judgment of the municipal court is modified accordingly.
Reckers, P. J., and Goldberg, J., concurred.